IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOSHUA DELANEY | § | |
| v. | § | CIVIL ACTION NO. 6:12cv902 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Joshua Delaney, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Delaney pleaded guilty to aggravated robbery in February of 2004 and was placed on deferred adjudication probation for ten years. The State subsequently alleged that Delaney had violated the terms of his probation and moved to proceed to final adjudication. On February 11, 2005, following a revocation hearing, the State found him guilty of aggravated robbery and sentenced him to life in prison and a $10,000.00 fine.

Delaney sought habeas corpus relief in state court and was granted relief on his claim that he was improperly denied the right to appeal. He filed an out of time appeal and the Twelfth Judicial District Court of Appeals reversed and remanded for a new sentencing hearing. The court of appeals found that the trial court had erroneously considered allegations of an unadjudicated extraneous offense in assessing his punishment.

A second sentencing hearing was held and the trial court again sentenced Delaney to life in prison and a $10,000.00 fine. This sentence was affirmed by the court of appeals and the Texas Court of Criminal Appeals denied certiorari review. Delaney sought state habeas corpus relief and trial court entered findings of fact and conclusions of law after a three-day evidentiary hearing. The Court of Criminal Appeals denied habeas corpus relief without written order on the findings of the trial court.

In his federal habeas corpus petition, Delaney complains that he received ineffective assistance from his attorney, Melvin Thompson, because Thompson failed to develop and present mitigating evidence at the second sentencing proceeding. He states Thompson refused to call a number of witnesses, including his probation officer, pastor, pastor's wife, and roommates with whom he lived as part of a church halfway house program. Delaney asserts that these people could have testified as to his progress on probation, but instead, all the court heard was "erroneous bad character testimony" presented by the prosecutor. He also complained that counsel was ineffective for failing to present evidence of his mental health.

At the first sentencing hearing, Delaney complains that the prosecutor presented "frivolous evidence of suspicion of an extraneous offense" in an attempt to influence the trial court to impose a harsher punishment. At the second sentencing, the prosecutor presented testimony from a former girlfriend to the effect that she had seen Delaney shoplift and assault a former roommate.

After review of the pleadings and the state court records, the Magistrate Judge issued a Report recommending that the petition be denied. The Magistrate Judge observed that the state habeas court had found as a fact that Thompson was credible and Delaney was not, and Delaney did not rebut this determination by clear and convincing evidence; hence, this finding is presumed correct. The credible testimony from Thompson included a statement that Delaney did not give him any new information or potential witnesses in preparation for the second sentencing hearing. Thus, the Magistrate Judge concluded that Delaney failed to show that counsel did not conduct an adequate investigation.

Similarly, the Magistrate Judge determined that Delaney failed to show that any of the alleged uncalled witnesses, other than his pastor, Jeremy Coe, would have testified, nor did Delaney offer anything beyond unsubstantiated speculation as to the substance of these uncalled witness' testimony. Although Delaney demonstrated that Coe would have testified had he been called, the Magistrate Judge stated that Delaney did not show that Coe's testimony would have been patricularly helpful; Coe testified at the state habeas evidentiary hearing that Delaney had been asked to leave the halfway house program because he was dating another resident, which was against the rules, and evidence that Delaney was kicked out of a church program may have done more harm than good.

The state habeas court also made a specific finding that had the mitigating evidence described in Delaney's writ application been presented at the second sentencing proceeding, this evidence would have been considered but would not have affected the sentence assessed at that proceeding. Thus, the Magistrate Judge determined that Delaney had failed to show harm from counsel's actions because there was no showing that but for counsel's alleged ineffectiveness, the result of the proceeding would probably have been different.

In his objections to the Magistrate Judge's Report, Delaney complains that Thompson failed to call a "vital witness," his probation officer Greg Parham. He challenges the Magistrate Judge's determination that there was no guarantee as to what Parham would have testified to, saying that "this belief is in error due to the laws dealing with and governing probation's disciplinary standards which Greg Parham would have had to follow concerning revocation of Delaney's probation."

By the time of the second sentencing hearing, Delaney states that the unadjudicated extraneous offense, which he describes as "false murder information," was held to have been improperly used against him and could no longer be held against him. Thus, he argues, counsel's failure to call Parham and question him concerning the laws governing probation and whether Parham would have revoked him at all based solely on "minor technical violations" was a grave error on Thompson's part. Unless Parham would have lied, Delaney says, his testimony would have proven that "there never were grounds for revocation of Delaney's probation."

Delaney points to Thompson's response to Delaney's own habeas application, in which the attorney stated that Delaney's homelessness, unemployment, and inability to pay were made known to the trial court but had no effect on the court's ruling. Thompson also stated that in his opinion, Delaney was not revoked for failure to pay fees or complete his community service hours, but because "the Court was led by the State to believe, improperly I might add, that Mr. Delaney had committed the murder of one of his roommates while on probation." Based on this statement, Delaney argues that he would not have been revoked and sentenced to life imprisonment had it not been for the false murder allegation, which was the erroneously admitted unadjudicated extraneous offense for which the first sentencing proceeding was remanded. Delaney claims he was unaware that minor technical violations were the reason for his revocation, believing it was because of the murder allegations, and that it was not until he was being sentenced that he discovered that part of the reason for the revocation was for the minor technical violations.

Delaney contends that there was no evidence that he had ever refused or was unwilling to abide by the conditions of his probation, but only that at the present time he was unable to do so. He again insists that he was revoked based on the "false murder allegations," noting that he was revoked with no other alternatives sought and sentenced to life in prison. Thus, he maintains that it was counsel's job to call Parham to provide testimony on his behalf, and that the failure to do so amounted to ineffective assistance of counsel.

Delaney further complains that the testimony of his former girlfriend presented false information to the trial court, which is the same error for which the first sentencing proceeding was remanded. He argues that this was a due process violation by the prosecutor, and the error of prosecutorial misconduct is just as harmful as counsel's failure to call Parham.

<u>Analysis</u>

As the Magistrate Judge explained, complaints of uncalled witnesses are not favored in federal habeas corpus relief because the presentation of testimonial evidence is trial strategy and allegations of what a witness would have testified to are largely speculative. *Day v. Quarterman*,

566 F.3d 527, 538 (5th Cir. 2009); *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). In order to prevail on such a claim, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the contents of the witness' proposed testimony, and show that the testimony would have been favorable to a particular defense. *Day*, 566 F.3d at 538; *Bray v. Quarterman*, 265 Fed.Appx. 296, 2008 WL 360571 (5th Cir., February 11, 2008).

Although Delaney complains about the failure to call Greg Parham, he offers nothing to show that Parham would have testified at all, much less that he would have testified in the manner which Delaney thinks he should have. His speculation on what he thinks Parham would or should have said is not sufficient to show that Thompson rendered ineffective assistance of counsel in this regard.

To the extent that Delaney contends that his probation was wrongly revoked, such a claim is raised for the first time in his objections to the Report of the Magistrate Judge. The Fifth Circuit has held that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994). In addition, Delaney did not raise such a claim in his state habeas petition and the assertion is therefore unexhausted. In any event, the record reveals that Delaney's probation was revoked for failure to pay probation fees and to complete his community service hours, and he pleaded "true" to these allegations. A plea of "true" is by itself sufficient to support the revocation of probation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979); *Harrison v. Thaler*, civil action no. 4:12cv183, 2012 WL 6825308 (N.D.Tex., November 20, 2012, *Report adopted at* 2013 WL 125694 (N.D.Tex., January 9, 2013). This objection is without merit.

Delaney also contends that he would not have received a life sentence but for the extraneous offense evidence improperly admitted in the first sentencing proceeding. This claim also is raised for the first time in his objections and thus not properly before the Court. He offers nothing to support this contention beyond his attorney's personal opinion and the bare assertion that he was

revoked for only technical violations. However, the underlying offense for which Delaney was adjudicated guilty was aggravated robbery, with an affirmative finding of use of a deadly weapon. He has failed to show that his sentence was the result of the extraneous unadjudicated offense offered in the first sentencing proceeding rather than the nature of the crime for which he was actually convicted. This objection is without merit.

Finally, Delaney complains that the State admitted testimony from his former girlfriend concerning allegations of assault and shoplifting. He says that the admission of unadjudicated offenses is the same error which led to reversal in the first sentencing proceeding. Delaney did not raise this issue in his petition or in his state habeas application, and it is not exhausted nor properly before the district court. Even were the claim properly before the district court, Delaney has failed to show that the claim has merit. The Fifth Circuit has held that there is no constitutional prohibition on the introduction, at a trial's punishment phase, of evidence showing that the defendant has engaged in extraneous, unadjudicated criminal conduct. *Brown v. Dretke*, 419 F.3d 365, 376 (5th Cir. 2005), *cert. denied,* 546 U.S. 1217 (2006). Delaney's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 32) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Joshua Delaney is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 16th day of April, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE